■ FRANK DEL VECCHIO et al., Respondents, v BAY SHORE CHRYSLER PLYMOUTH, INC., Appellant.—In an action to recover damages for breach of contract, defendant appeals from a judgment of the Supreme Court, Suffolk County, entered June 24, 1975, which is in favor of plaintiffs, after a nonjury trial. Judgment affirmed, with costs. Plaintiffs, Frank and Martha Del Vecchio, leased a parcel of land located in Bay Shore, New York, to defendant, Bay Shore Chrysler Plymouth, Inc., for the three-year period which commenced June 1, 1971, at a monthly rental of $500. Defendant used the premises for the storage and display of new automobiles in connection with its automobile dealership. Paragraph 29th of the lease contains a provision which states in part that if the Town of Islip should declare that the property was being used for an impermissible purpose, the lease would terminate. The paragraph reads as follows: "29th. It is understood and agreed that should the Town of Islip officially declare that the use for which the tenant is putting the premises under this lease, i.e., the storage of brand new automobiles for display in connection with its business, shall be illegal and in violation of the zoning ordinances and town regulations, this lease shall terminate as of the date of such determination by the Town of Islip, providing the Town requires the Tenant to and officially orders the Tenant to cease such use. * * * In the event this lease is

terminated by reason of the action by the Town of Islip, as aforesaid, the rent shall be apportioned to the date of such termination and this lease shall be considered null and void, and without further liability to the parties, providing the Tenant shall have removed its motor vehicles from the premises, and shall have removed any other violation [a]gainst the premises claimed by the Town of Islip, and shall have paid the rent to the Landlords to the said date of apportionment, and shall have complied with all of the other terms of this lease." In March, 1972, defendant agreed with its franchisor to move its dealership to a new location, which was owned by the Chrysler Realty Corporation. In May, 1972, the landlord realty corporation began construction of a new building to house defendant's business and, on September 28, 1972, it entered into a five-year lease with defendant, to commence on November 7, 1972. On July 25, 1972, in response to a complaint, an investigator in the office of the town attorney served a summons upon defendant and subsequently filed an information in the Suffolk County District Court charging defendant with a violation of the town code. The offense charged was the outdoor display and storage of motor vehicles on the subject premises. Such use was allegedly not permitted in a business district zone; plaintiffs' property was located in such a zone. On August 3, 1972, the defendant, without informing plaintiffs of the criminal proceeding, pleaded guilty to the violation charged and paid a fine of $50, and, subsequent to September 1, 1972, moved its entire business to new quarters near the Sunrise Highway. Defendant paid its rent for the month of August, but not thereafter; plaintiffs brought this action to recover, as damages, the rent for the unexpired term of the lease. Defendant contends that the leasehold automatically terminated upon the happening of the contingency set forth in paragraph 29th of the lease, without any requirement that prior notice had to be exchanged between the parties. In our view, the unilateral act by defendant of pleading guilty, without notifying plaintiffs of the town's action, could not affect plaintiffs' property rights. If timely notice had been given, plaintiffs could have contested the alleged violation or taken other appropriate action. Martuscello, Acting P. J., Damiani, Shapiro and Titone, JJ., concur.